**UNITED STATES of America et al.**

**v.**

**MONTGOMERY COUNTY, MARYLAND et al.**

**Civ. A. No. N–82–753.**

United States District Court, D. Maryland.

Transcript of Oral Opinion Rendered in Open Court Jan. 19, 1984.

Decided Jan. 20, 1984.

Max H. Lauten, Asst. U.S. Atty., D. Maryland, Baltimore, Md., and Richard A. Correa, Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C. for plaintiff U.S.

Sherman L. Cohn, Potomac, Md., for plaintiff Shaw Enterprises.

William J. Chen, Jr., and John Walsh, Rockville, Md., for intervenor plaintiff Holiday Inn of Chevy Chase.

Paul A. McGuckian, H. Christopher Malone, and Alan Wright of the County Attorney's Office for Montgomery County, Rockville, Md., for defendants.

NORTHROP, Senior District Judge.

Plaintiff, the United States, joined by Shaw Enterprises, Inc. and intervening plaintiff Holiday Inn of Chevy Chase, ask this Court to grant summary judgment on the grounds that Montgomery County's hotel/motel room rental and transient tax violates the Supremacy Clause of the United States Constitution. Defendants, Montgomery County and Albert W. Gault, Director of Montgomery County's Department of Finance, have cross-moved for summary judgment.

The essential facts are undisputed. The primary legal issue involves the interpretation of the term "transient" as found in Section 52–16 of the Montgomery County Code (1972) (1977 Replacement Volume).

Since 1971, and up until November 1, 1983, the National Institutes of Health ("NIH"), an agency of the U.S. Department

of Health and Human Services, has contracted with Shaw Enterprises, Inc., the owner of the United Inn of America, for the rental of rooms. NIH provided lodging to outpatient participants in its medical research programs and to their families, through the Special Ambulatory Care Program. Patients in this program paid for neither their lodgings nor their medical treatment.

In 1980, Montgomery County notified United Inn that the amount of $103,852.73 in room rental, transient taxes, penalties, and interest was due for the rental of rooms by NIH from October, 1976 to October, 1980. None of this sum has been paid. The United States has agreed to reimburse the United Inn for any room rental and transient tax payments it must make to Montgomery County for the rental of rooms pursuant to the contracts with NIH since October, 1976.

In late January, 1981, Montgomery County filed suit against Shaw Enterprises in the Circuit Court for Montgomery County, seeking the back taxes, penalties, and interest allegedly due through January 31, 1981. In March, 1982, the United States filed the instant action for a declaratory judgment that defendants are barred from exacting a room rental tax pursuant to § 52–16 against the United States. This Court thereafter stayed the action in Circuit Court. Shaw Enterprises was joined as a party plaintiff.

By Order dated September 29, 1982, this Court allowed Holiday Inn of Chevy Chase to intervene as a plaintiff. This Order limited the intervention to participation in the resolution of the dispute before the Court. Holiday Inn has filed its own motion for summary judgment in addition to adopting all arguments set forth in the submissions of the United States and Shaw Enterprises. Facts specifically relating to Holiday Inn will not be considered.

Briefs in support of the parties' positions have been filed and argument heard in open court. For the reasons herein stated, this Court holds that the United States is not a "person" under the statute and is not,

therefore, subject to the tax. The statute itself is thus constitutional.

■ The Supremacy Clause of the United States Constitution precludes the states, and any lesser governmental units, from "directly" imposing a tax upon the United States, its property, or one of its instrumentalities. *McCulloch v. Maryland*, 4 Wheat. (17 U.S.) 316, 4 L.Ed. 579 (1819); *United States v. New Mexico*, 455 U.S. 720, 102 S.Ct. 1373, 71 L.Ed.2d 580 (1982). The question now before this Court is whether under Section 52–16 of the Montgomery County Code, the United States is a "transient," upon whom a tax has been directly imposed.

Section 52–16 provides in relevant part:

(a) There is hereby levied and imposed on each and every transient a tax at the rate of five percent of the total amount paid for room rental by or for any such transient to any hotel, motel or other similar place providing sleeping accommodations after July 1, 1975.

(c) Every person receiving any payment for room rental with respect to which a tax is levied shall collect the amount of tax hereby imposed from the transient on whom the same is levied or from the person paying for such room rental, at the time payment for such room rental is made. The taxes required to be collected hereunder shall be deemed to be held in trust by the person required to collect the same until remitted as hereinafter required.

Section 52–16(b) includes the following definitions:

(1) *Transient.* Any person who for any period of not more than seven consecutive days obtains sleeping accommodations, either at his own expense or at the expense of another, in any hotel, motel or other similar place providing sleeping accommodations for which a charge is made.

(2) *Person.* Any individual, corporation, company, association, firm, co-partnership or any group of individuals acting as a unit, and any trustee, receiver,

assignee or personal representative thereof.

Plaintiffs contend that this statute taxes the "transient," that as the NIH "obtains" the sleeping accommodations, it falls within the statute's definition of "transient," and that the tax is thus directly and impermissibly imposed upon the United States, through its agent, the NIH. Defendants, on the other hand, argue that the tax is imposed upon the transient himself, that is, the actual room *occupant*, even though payment might be made by a third party. To resolve this dispute, therefore, this Court must determine the meaning within this statute of the term "transient."

Plaintiffs argue as follows: The tax is imposed upon the transient. The statute defines "transient" as "any person who ... obtains sleeping accommodations...." "Person" is defined as including, among other things, individuals, corporations, associations, and firms. Since most of the entities listed in the definition of "person" cannot actually occupy a room, but can "obtain," that is, contract and pay for a room, it follows according to plaintiffs, that the term "transient" is not limited, for purposes of tax liability, to the individual actually occupying the room. Since NIH contracted with the United Inn for the provision of hotel rooms and since by contract, NIH bore all costs, NIH "obtained" the sleeping accommodations, as provided in the statute. Plaintiffs thus conclude the United States was the "person" who "obtained" the sleeping accommodations, and thus is the "transient" upon whom the legal incidence of the tax has been imposed.

This line of reasoning essentially follows that found in an opinion of the Comptroller General of the United States. In 55 *Comp. Gen.* 1278 (1976), the Comptroller examined the propriety of a rental tax imposed on all transient guests renting hotel or motel rooms in Anchorage, Alaska. The Bureau of Indian Affairs of the United States Department of the Interior contracted with hotels and motels in Anchorage to pay housing costs for Indian students staying overnight in Anchorage while travelling between government schools and their homes. "Guests" were defined by the statute as those who pay for the use of a sleeping room in a hotel or motel. As the Bureau paid for the rooms, and the tax was imposed on "guests," the legal incidence of the tax was held to have impermissibly fallen on the United States.

In the course of the opinion, the Comptroller General discussed an earlier opinion, 53 *Comp.Gen.* 69 (1973), which considered the subject Montgomery County hotel room rental tax.* That decision held the "transient" was the room occupant, and not the Government, and thus the Government was not taxed directly. In this later opinion, however, the Comptroller General essentially reversed his previous opinion:

> ... The [Montgomery] County Code defines "transient" as a "person" who obtains sleeping accommodations and defines "person" as any "individual, corporation, company, association, firm," etc. Since the Government is the person who obtained and paid for these rooms under the County Code, the Government is the transient. Hence, our holding above as to the Anchorage motel tax would be equally applicable to the Montgomery County motel tax. Therefore, our holding in 53 Comp.Gen. 69 is modified to the extent it is inconsistent with the foregoing.

*Id.* at 1280–81. Though in no way controlling, "[t]he opinion of the Comptroller General is, of course, entitled to weight as he is the auditing agent of Congress." *Pacific Legal Foundation v. Goyan,* 664 F.2d 1221, 1227 (4th Cir.1981); *see also United States ex rel. Brookfield Construction Co., Inc. v. Stewart,* 234 F.Supp. 94, *aff'd.,* 339 F.2d 753 (D.C.Cir.1964). This Court agrees with the Comptroller in so far as he opines that the tax is not on the room "occupant." As the United States is not a "person" under the statute, however, this Court cannot agree that the legal incidence of the tax falls on the sovereign. Rather,

---

* The decision considered Section 84–33 of the County Code, the predecessor to Section 52–16.

this Court finds that the United States is simply not subject to tax under § 52–16.

As the statute itself provides a definition of "transient," this Court need not entertain defendants' arguments with respect to other courts' definitions of that term. *Lawson v. Suwanee Fruit & Steamship Co.*, 336 U.S. 198, 69 S.Ct. 503, 93 L.Ed. 611 (1948). Resort to other definitions would only be necessary if the statutory definitions created incongruities in the language or conflicted with the statutory purpose. *Id.*

Such is not the case here. No legislative history or specific language exists to support defendants' theory that the purpose of the statute is to tax the room occupant. Rather, a reading of the plain language reflects an intent to tax "transients." Even the title, "Room Rental and Transient Tax," supports plaintiffs' reading.

Defendants submit that the statute does not envision the United States as the "transient" because the NIH did not and could not "obtain" the sleeping accommodations. Since "obtain" means "to get hold of by effort," or "to gain possession of," *Goodman v. State*, 237 Md. 64, 67, 205 A.2d 53 (1964), defendants assert that the procurement by NIH of room reservations is not the equivalent of "obtaining" accommodations, which is accomplished only by the outpatients' physical possession of the room.

Clearly, however, the statute envisions that "transient" is not limited for purposes of tax liability to the natural person or persons occupying a room; the listing under "person" of numerous entities incapable of actually occupying a hotel room militates against such a position. On the other hand, all "persons" under the statute are capable of obtaining or "getting hold of" sleeping accommodations in the sense of contracting for hotel rooms and making all necessary arrangements. The NIH contracted and paid for the United Inn rooms, regardless of whether the rooms were ultimately occupied. It did not, as defendants averred, merely "make reservations."

This Court thus concludes that the NIH "obtained" the hotel rooms, and that the tax is not imposed upon the room occupant, but upon the "transient" as defined by the statute. As defendants have pointed out, however, the United States is not specifically included in the definition of "person." Although plaintiffs "disagree with this contention," Reply Brief for Plaintiffs at 8, there truly can be no valid dispute about what this Court perceives is an indisputable fact: in defining "person," the drafters of this statute did not include the United States. Nothing justifies this Court to read into § 52–16 what does not appear in black and white.

■ Plaintiffs' most cogent argument is that relegated to the final page of its reply brief. Plaintiffs submit, in the alternative, that if the United States is not a "person" under the statute, then the statute simply does not contemplate the imposition of tax on the rental of rooms "obtained" by the United States. This interpretation does not compel the Court to look beyond the plain language of the statute and the definitions it provides. Such an interpretation avoids a construction that would render this statute nugatory, and comports with the cardinal principle in statutory construction to save, not destroy, the legislature's product. *In re United States*, 563 F.2d 637, 642 (4th Cir.1977); *Weaver v. O'Grady*, 350 F.Supp. 403 (S.D.Ohio 1972).

Accordingly, plaintiffs' motions for summary judgment are granted in so far as they request the Court to find the subject tax inapplicable to the United States. Defendants are not entitled to compensation and their motion for summary judgment is denied. A separate Order will be entered in confirmation of the within rulings.